IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HEINIE Z.,[1] | 6:19-cv-00272-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| Commissioner, Social Security Administration, | |
| Defendant. | |

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JOSEPH JOHN LANGKAMER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2212

    Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Heinie Z. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on August 25, 2015, alleging a disability onset date of July 11, 2014. Tr. 170-71.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on November 15, 2017. Tr. 42-73. Plaintiff was represented at the hearing. Plaintiff and a vocational expert (VE) testified.

---

[1] Citations to the official transcript of record filed by the Commissioner on August 21, 2019, are referred to as "Tr."

The ALJ issued a decision on January 23, 2018, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 20-31. Pursuant to 20 C.F.R. § 404.984(d) that decision became the final decision of the Commissioner on December 27, 2018, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on January 10, 1965, and was 52 years old at the time of the hearing. Tr. 170. Plaintiff has a GED. Tr. 197. Plaintiff has past relevant work experience as a cabinetmaker and carpenter. Tr. 65-66.

Plaintiff alleges disability due to depression, anxiety, insomnia, and a thyroid condition. Tr. 76.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 19-20, 26-29.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate his

3 - OPINION AND ORDER

inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it

4 - OPINION AND ORDER

supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. § 404.1520.  Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509,

5 - OPINION AND ORDER

404.1520(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 404.1520(a)(4)(iv).

*See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since his July 11, 2014, alleged onset date. Tr. 23.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease, affective disorder, anxiety disorder, and organic mental disorder. Tr. 23. The ALJ found Plaintiff's impairments of hypertension, thyroid disorder, and alcohol abuse are nonsevere. Tr. 23.

At Step Three the ALJ concluded Plaintiff's medically

determinable impairments during the relevant period did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 22.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  Plaintiff can frequently lift and/or carry 10 pounds; can occasionally lift and/or carry 20 pounds; can occasionally stoop and climb ramps, stairs, ladders, ropes, and scaffolds; can perform "simple routine tasks"; and can have occasional contact with coworkers but no contact with the general public.  Tr. 24.

At Step Four the ALJ found Plaintiff cannot perform his past relevant work.  Tr. 29.

At Step Five the ALJ found Plaintiff can perform other work that exists in the national economy.  Accordingly, the ALJ concluded Plaintiff is not disabled.  Tr. 30.

### DISCUSSION

Plaintiff contends the ALJ erred when he (1) declined to admit a medical-source statement by treating mental-health providers Joseph Forest, QMHP, and Marianne Straumfjord, M.D., and (2) found at Step Five that Plaintiff can perform other work that exists in the national economy.

**I. The ALJ did not err when he declined to admit the medical-source statement by QMHP Forest and Dr. Straumfjord.**

Plaintiff asserts the ALJ erred when he declined to admit a medical-source statement by treating mental-health providers QMHP Forest and Dr. Straumfjord.

20 C.F.R. § 404.935(a) requires claimants to "make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence . . . no later than 5 business days before the date of the scheduled hearing." If a claimant submits written evidence later than five business days before the date of his hearing, "the administrative law judge may decline to consider or obtain the evidence, unless" the claimant establishes one of the following:

> (1) [The Social Security Administration's] action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from informing us about or submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from informing us about or submitting the evidence earlier. Examples include, but are not limited to:
>
>> (I) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;
>>
>> (ii) There was a death or serious illness in your immediate family;
>>
>> (iii) Important records were destroyed or damaged by fire or other accidental cause; or

> (iv) You actively and diligently sought
> evidence from a source and the evidence was
> not received or was received less than 5
> business days prior to the hearing.

20 C.F.R. § 404.935(b)(1)-(3).

The record reflects Plaintiff submitted to the Commissioner a medical-source statement dated November 14, 2017, from treating mental-health providers QMHP Forest and Dr. Straumfjord one day before the November 15, 2017, hearing.  At the hearing Plaintiff's counsel conceded he did not submit nor inform the Commissioner about the medical-source statement at least five business days before the hearing, and, in fact, he could not have done so because QMHP Forest and Dr. Straumfjord did not complete the medical-source statement until the day before the hearing. The ALJ permitted Plaintiff to show cause why the ALJ should, nevertheless, consider the medical-source statement.  Plaintiff's counsel explained he had "difficulty contacting [Plaintiff] and [he] wanted to make sure that that was still the treating provider."  Tr. 46.

The ALJ declined to consider the medical-source statement on the ground that Plaintiff failed to satisfy the requirements of 20 C.F.R. § 404.935(b)(1)-(3).  The ALJ also pointed out that the record reflects QMHP Forest and Dr. Straumfjord had been Plaintiff's mental-health providers since November 2015, and, in addition, Dr. Straumfjord indicated in her treatment notes on

September 20, 2017, that Plaintiff "may have his lawyer contact [her office] about his disability hearing." Tr. 12, 667. At the hearing Plaintiff's counsel did not indicate he had difficulty contacting Dr. Straumfjord's office nor did he indicate when he attempted to do so. Counsel's "difficulty" contacting Plaintiff to ask about a treating physician is not the kind of "unusual, unexpected, or unavoidable circumstance beyond [Plaintiff's] control" that satisfies 20 C.F.R. § 404.935(b)(1)-(3).

On this record the Court concludes the ALJ did not err when he declined to admit a medical-source statement from treating mental-health providers QMHP Forest and Dr. Straumfjord.

**II. The ALJ did not err at Step Five when he found Plaintiff can perform other work that exists in the national economy.**

Plaintiff asserts the ALJ erred at Step Five when he found Plaintiff can perform other work that exists in the national economy.

As noted, at Step Five the Commissioner must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. The Commissioner bears the burden at Step Five to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood*, 616 F.3d at 1071. The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404,

11 - OPINION AND ORDER

subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

At Step Five the ALJ found Plaintiff can perform work as a production assembler, electrical-accessories assembler, and routing clerk. Each of those jobs is a light job with an SVP level of 2.[2] The *Dictionary of Occupational Titles* (DOT) provides a job with an SVP of 2 requires "[a]nything beyond short demonstration up to and including 1 month." DOT App. C, 1991 WL 688702.

Plaintiff points out that the ALJ gave "great weight" to the opinion of reviewing psychologist Irmard Friedburg, Ph.D., who opined Plaintiff is capable of understanding and remembering one- and two-step instructions. Plaintiff notes the Ninth Circuit has found "an apparent conflict between [an] RFC, which limits [a plaintiff] to performing one- and two-step tasks, and the demands of Level Two reasoning." *Rounds v. Comm'r,* 807 F.3d 996, 1003 (9th Cir. 2015). At the hearing Plaintiff's counsel asked the VE whether an individual "limited to one to two-step tasks consistent with reasoning level one" could perform the jobs of production assembler, electrical-accessories assembler, or routing clerk. The VE testified such an individual could not

---

[2] "Specific Vocational Preparation is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker setting." *Dictionary of Occupational Titles*, App. C, 1991 WL 688702.

perform those jobs. Plaintiff, therefore, asserts on the basis of the Ninth Circuit's opinion in *Rounds*, Dr. Friedburg's opinion, and the VE's testimony that the ALJ erred when he found Plaintiff could perform the jobs of production assembler, electrical-accessories assembler, and routing clerk.

The ALJ, however, did not find Plaintiff could perform only one- or two-step tasks and, in fact, found Plaintiff is able to perform "simple routine tasks". Tr. 24. The Ninth Circuit has found a conflict does not exist when an ALJ limits a claimant to simple, routine tasks and such a claimant can perform jobs with an SVP level of two. *See, e.g., Molina v. Berryhill*, 734 F. App'x 492, 495 (9th Cir. 2018)("While we have found RFC's [*sic*] limiting claimants to 'one-and two-step tasks' conflict with the requirements of Level 2 reasoning, which entails the ability to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions,' we have distinguished these cases from those in which the ALJ 'merely restrict[ed]' the claimants to 'simple' tasks, as the ALJ did here."). Thus, there is not any apparent conflict between the ALJ's assessment of Plaintiff's mental RFC and his evaluation of Plaintiff's ability to perform other work at Step Five.

In addition, even if the ALJ erred when he found Plaintiff can perform work as a production assembler, electrical-accessories assembler, and routing clerk, the error was

"inconsequential to the ultimate nondisability determination" and, therefore, harmless *(see Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012)) in light of the VE's testimony that a claimant with Plaintiff's limitations who was further limited to jobs that involved only one- and two-step tasks could also perform work as a sorter of agricultural produce, a street cleaner, and a hand bander. Tr. 69.

Accordingly, the Court concludes the ALJ did not err at Step Five when he found Plaintiff can perform other work in the national economy.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 6th day of February, 2020.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge